UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| JAMES BERNARD JONES, JR., | ) | | |
|---|---|---|---|
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV413-142 |
| | ) | | CR409-416 |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

James Bernard Jones, Jr., who was convicted and sentenced for distributing cocaine, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) The government opposes. (Doc. 3.)

### I. BACKGROUND

Jones was targeted for selling cocaine to a confidential source in a run-of-the-mill sting operation. (Presentence Investigation Report ("PSI") ¶¶ 5-8.) He initially offered to sell powder cocaine, but the

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV413-142. "Cr. doc." refers to documents filed under movant's criminal case, CR409-416. Additionally, Jones' motions for an extension of time to file a reply (docs. 4 & 5) are **GRANTED**. He never submitted a reply within the 21 days he requested. His January 24, 2014 "notice of inquiry" implicitly requests yet another extension and an opportunity to amend his § 2255 motion. (Doc. 6.) To the extent it is intended as a motion, it is **DENIED**.

confidential source specifically requested crack cocaine. (PSI ¶ 6.) After arranging several controlled purchases of drugs from Jones, Drug Enforcement Administration ("DEA") agents obtained a warrant for his arrest. When Jones arrived at the site of the next controlled buy, he spotted marked police vehicles closing in and fled at a high rate of speed. Within a few blocks, he struck a Chatham County Sheriff's Department cruiser, exited his vehicle, and attempted to flee on foot. (PSI ¶ 9.) He was quickly apprehended. (*Id.*)

Jones pled guilty to a lesser included offense of distributing an unspecified quantity of crack cocaine, rather than 5 or more grams. (Cr. doc. 36.) He begged for leniency at sentencing based on the fact that he had only offered to sell powder cocaine and had been asked by the agents to cook it into crack. (Cr. doc. 55 at 8). (*Id.*) The sentencing judge acceded to this request (*id.*) and had the probation officer convert the offense conduct from distribution of crack cocaine to distribution of powder. (*Id.* at 12.) Substituting powder for crack cocaine, the recalculated United States Sentencing Guidelines ("U.S.S.G.") base offense conduct was 16 instead of 30. (*Id.* at 13-15.) His sentence was

enhanced, however, under the career enhancement provision, U.S.S.G. § 4B1.1(b), based upon two prior convictions for crimes of violence. (PSI ¶¶ 26, 65, & 66.) His offense level was thus 32, the same as it had been for distribution of crack cocaine, when adjusted upwards by 2 points for his reckless attempt at flight. (PSI ¶ 26.) The 32-point offense level was reduced by 3 based on his acceptance of responsibility. (PSI ¶ 27.) Hence, the conversion from crack to powder cocaine ultimately made no difference, for the offense conduct remained at 29. The advisory range of imprisonment was 151 to188 months. (*Id.* at 14-16.) The sentencing judge imposed a 160-month sentence. (*Id.* at 18-19.)

On appeal, Jones argued that in imposing the career offender enhancement the sentencing court erred by relying on his prior conviction for battery upon a law enforcement officer. He also argued that the district court erred in its drug quantity calculation, and that the sentence was unreasonable. *United States v. Jones*, 408 F. App'x 258, 259 (11th Cir. 2011). The Eleventh Circuit affirmed the conviction and sentence, finding Jones' arguments unpersuasive. *Id.* at 263.

3

Jones then timely filed the instant § 2255 motion, raising five claims for relief: (1) he should not have been sentenced as a career offender; (2) the Court failed to resolve an error in the indictment naming the wrong person as defendant; (3) counsel rendered deficient performance by failing to object to his career offender status at sentencing; (4) counsel was ineffective for failing to argue entrapment; and (5) reliance on prior convictions to enhance his current sentence violates his rights under the Fifth Amendment's Double Jeopardy clause. (Doc. 1.)

## II. ANALYSIS

Grounds 1 and 3 involve the same facts, and they both fail for the same reasons. Jones claims that the Court erred by sentencing him as a career offender and that his attorney performed deficiently by failing to

raise an objection on that matter at sentencing.[2]  (*Id.* at 4, 7.)

Jones raised the matter on appeal, arguing that he should not have been sentenced as a career offender based on his Florida conviction for battery on a law enforcement officer.  *Jones*, 408 F. App'x at 261-62.  Under the Florida statute of conviction, one commits the offense of

---

[2] Jones' ineffective assistance of counsel claims require the Court to apply the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  484 U.S. at 687.  Second, the defective performance must have prejudiced the defense to such a degree that the results of the trial cannot be trusted.  *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances.  *Id.* at 690.  It is generally appropriate to look to counsel's performance throughout the case in making such a determination.  *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).  The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689.  Indeed, Jones must show that "'no competent counsel would have taken the action that his counsel did take.'"  *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

For the prejudice prong Jones must show that there was a reasonable probability that the results would have been different but for counsel's deficient performance.  *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

battery when he either "[a]ctually and intentionally touches or strikes another person against the will of the other," or "[i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(A). Under the unrebutted facts in the PSI, Jones had "pushed [an] officer to the ground using both hands." *Jones*, 408 F. App'x at 261 (quoting PSI); *cf. Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281-86 (2013) (when applying the similar Armed Career Criminal Act, 18 U.S.C. § 924(e), a Court can look to facts beyond the record, under the "modified categorical approach," to determine which portion of a divisible statute was at play in a prior conviction). Since he struck the officer, he employed a substantial amount of force capable of causing pain or injury. *Id.* As such, he committed a "crime of violence" under U.S.S.G. § 4B1.2(a)(1). *Jones*, 408 F. App'x at 261 (distinguishing *United States v. Williams*, 609 F.3d 1168, 1169-70 (11th Cir. 2010), which held that a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the "crime of violence" enhancement criteria listed in the Guidelines). Having litigated the issue on direct appeal, Jones cannot relitigate it here. *See United States v. Nyhuis*, 211

F.3d 1340, 1343 (11th Cir. 2000). Hence, Ground 1 fails. Similarly, counsel did not render deficient performance for failing to raise a meritless objection on that point at sentencing. Nor can Jones show *Strickland* prejudice stemming from his attorney's failure to raise the matter.

In ground 2, Jones contends that the Court erred by failing to dismiss the original indictment, which wrongly named him as "Eric Bernard Lloyd." (Doc. 1 at 5.) A superseding indictment corrected the issue, but Jones insists it was still improper as it listed "Eric Bernard Lloyd" as an alias. (*Id.*) Not only has Jones failed to offer any legal argument suggesting that this misnomer in the indictment was fatal, he waived it by entering his plea. *Morgan v. Aderhold*, 73 F.2d 171, 173 (5th Cir. 1934) ("not pleading the misnomer waives it," so "the person so arrested and arraigned is validly convicted no matter what name applied to him in the proceedings")[3]; *see United States v. Jackson*, 659 F.2d 73, 74 (11th Cir. 1981) ("A guilty plea, since it admits all the elements of a

---

[3] Decisions of the former Fifth Circuit on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

formal criminal charge, waives all nonjurisdictional defects in the proceedings against the defendant").[4]

In Ground 4, Jones asserts that his attorney was ineffective for failing to present an entrapment defense at every phase of the case. (Doc. 1 at 8.) To prove entrapment, Jones would have to show that he was induced to commit all elements of the proscribed offense by the Government. *United States v. Russell*, 411 U.S. 423, 435 (1973). Jones *was not* induced to sell cocaine, only to change its form from powder to crack. As discussed above, his attorney successfully raised that argument at sentencing.[5] The judge then converted the crack into

---

[4] Moreover, this claim is procedurally defaulted, since Jones failed to raise it on appeal. A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998). "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by showing cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quotations and alterations omitted). Ineffective assistance of counsel may provide "cause" to excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). While Jones attempts to show cause through his attorney's failure to raise the issue, he simply cannot show prejudice since he pled guilty under his true name in the superseding indictment.

[5] The district judge accepted counsel's argument even though "sentencing entrapment is a defunct doctrine." *United States v. Miller*, 71 F.3d 813, 817-18 (11th Cir. 1996) (reversing a district court for changing crack into powder cocaine where the government "induced" a cocaine dealer to convert his product from powder to crack).

powder for sentencing purposes, although it made no difference given Jones' criminal history.

Given that Jones admitted that he freely agreed to sell powder cocaine, he cannot now argue that he was entrapped into doing so. *See, e.g., United States v. Baxley*, 402 F. App'x 461, 462 (11th Cir. 2010) (a defendant's plea of guilty waives any and all defenses, including entrapment). And since an entrapment defense was unlikely to succeed, *Miller*, 71 F.3d at 817, he cannot show that his attorney's pre-plea advice on that score undermined "the voluntary and intelligent character of the plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As for any post-plea ineffectiveness, Jones cannot show prejudice, since his attorney made a sentencing entrapment argument which the Court accepted. That the change from crack to powder cocaine made no difference based on Jones' status as a career offender does not establish prejudice.

Finally, Jones argues in Ground 5 that the use of his prior convictions for strong-arm robbery and battery on a law enforcement officer violate his rights under the Fifth Amendment's Double Jeopardy

clause. (Doc. 1 at 11.) Not only is the claim procedurally defaulted (Jones has not attempted to show cause or prejudice for the default), but it was rejected more than a century ago by the Supreme Court. *See Moore v. Missouri*, 159 U.S. 673, 676-78 (1895) (rejecting double jeopardy challenge to statute enhancing punishment based on prior convictions), *quoted in White v. United States*, 515 U.S. 389, 400 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." (quotations and citations omitted)).

### III. CONCLUSION

For the foregoing reasons, Jones' § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy

issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this ___30th___ day of January, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA