# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JAMES BERNARD JONES, Jr., )
    Movant, )
)
v. ) CV418-045
) CR409-416
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER

James Bernard Jones, Jr., filed a self-styled "Petition for Writ [of] Habeas Corpus Pursuant to 2241," though the heart of his petition seeks reconsideration -- rather than challenges the execution -- of his sentence. Doc. 111 at 2-3 (challenging his classification as an armed career criminal at sentencing based on his "prior conviction of Florida battery on law enforcement officer," contending the "real estate attorney" assigned as CJA counsel was ineffective at sentencing, and arguing the district court erred in applying the sentencing guidelines).[1] *Compare* 28 U.S.C. § 2241 (a vehicle for challenging the execution of a

---

[1] The Court is citing to the criminal docket in CR409-416 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

sentence) *with* 28 U.S.C. § 2255 (a vehicle for challenging the propriety of the federal conviction or sentence itself).

The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v. Freesemann*, 2015 WL 6798946 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like repeat (*e.g.*, successive writ) habeas filings. *See* doc. 70 (Jones' motion to vacate his sentence under 28 U.S.C. § 2255), docs. 76, 81 & 82 (denying § 2255 motion), doc. 87 (appeal opinion affirming denial of his § 2255 motion), doc. 96 (appeal opinion on remand from the Supreme Court for reconsideration in light of *Johnson v. United States*, 135 S. C.t. 2551 (2015), reaffirming denial of his § 2255 motion). "Home-brewers" typically omit those prophylactic questions from their filings. *See, e.g.*, *Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar.").

The Clerk is therefore **DIRECTED** to send Jones both a blank

2

§ 2241 form petition and § 2255 form motion. Within 30 days after the Clerk serves movant with a copy of this Order and the form petitions, he must re-file both his chosen petition and any supporting memorandum of law explaining his entitlement to relief from his conviction. If Jones fails to respond within 30 days of service of this Order, the case will be recommended for dismissal on abandonment grounds.

**SO ORDERED,** this __9th__ day of March, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA