# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JAMES BERNARD JONES, Jr., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV418-045 |
| ) | CR409-416 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

James Bernard Jones, Jr. has complied with the Court's order to refile his self-styled "Petition for Writ [of] Habeas Corpus" -- which sought reconsideration of his sentence, rather than challenged its execution -- as either a 28 U.S.C. § 2255 or § 2241 motion. Docs. 111 & 112.[1] Though he has elected to complete the court's § 2241 form petition, it is clear that he challenging the *validity* of his sentence and not its execution. *See* doc. 113 (contending that prosecutorial and agency misconduct taint his conviction and that he was improperly characterized as a career offender in the Presentence Investigative

---

[1] The Court is citing to the criminal docket in CR409-416 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Report because Florida battery is not a crime of violence).  Indeed, Jones readily admits that (despite the title of his petition) he is actually seeking the vacatur of his sentence under § 2255.  Doc. 113 at 6 (explaining "exactly what [he] want[s] the court to do:  Vacate the conviction.").

The Court thus must reconstrue Jones' motion as a § 2255 motion to vacate his sentence.  Normally, such reconstrual requires a *Castro* warning[2] that if he chooses to proceed with his motion, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit.  This is, however, Jones' *second* § 2255 motion to vacate his sentence,[3] for which he requires permission from the Eleventh Circuit.

To file a second or successive § 2255 motion, movant first had to file an application with the Eleventh Circuit for an order authorizing the

---

[2]   *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

[3]   *See* doc. 70 (motion to vacate his sentence under 28 U.S.C. § 2255), docs. 76, 81 & 82 (denying § 2255 motion), doc. 87 (appeal opinion affirming denial of his § 2255 motion), doc. 96 (appeal opinion on remand from the Supreme Court for reconsideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), reaffirming denial of his § 2255 motion).

district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005).  "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion.  *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).  It is undisputed that Jones has not received authorization from the Eleventh Circuit to file a successive motion.  Doc. 112 at 4.  This Court thus lacks jurisdiction to consider his petition.  *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions").

3

James Bernard Jones, Jr.'s reconstrued § 2255 motion should be **DISMISSED** as an unauthorized, successive petition. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __3rd__ day of May, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA