FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAY 29 PM 4: 53
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES BERNARD JONES, JR., )
)
    Petitioner, )
)
v. ) CASE NOS. CV418-045
)           CR409-416
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 7), to which objections have been filed (Doc. 8). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's construed 28 U.S.C. § 2255 petition (Doc. 1) and amended petition (Doc. 5) are **DISMISSED**. In addition, Petitioner is not entitled to a Certificate of Appealability ("COA"), rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner objects to the Magistrate Judge's recommendation that his purported 28 U.S.C. § 2241 petition be construed as seeking relief under

28 U.S.C. § 2255. (Doc. 8 at 1-2.) However, Petitioner is clearly attacking the validity of his sentence, not its execution. (Id. at 6 ("Movant request[s] his sentence vacated and immediate release for the unlawful detention that has been improperly imposed . . . .").) Section 2241 applies only where Section 2255 would be "inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255(e); see Wattleton v. Beeler, 186 F. App'x 852, 853 (11th Cir. 2006). Petitioner previously raised the same arguments in a § 2255 petition that he now advances in his purported § 2241 petition. (Compare CV413-142, Doc. 1, with CV418-045, Doc. 1.) Since these claims have already been addressed, Petitioner is unable to show that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Therefore, the Court agrees with the Magistrate Judge that the Court must construe his present petition as seeking relief under § 2255. See Wattleton, 186 F. App'x at 853. As a result, the current petition must be dismissed because Petitioner previously filed a § 2255 petition and has not received permission from the Eleventh Circuit Court of Appeals to file a successive petition. Id. ("[A] petitioner who has filed and was denied a § 2255 motion may not circumvent the successive-petition rule simply by filing a

2

petition under § 2241." (citing <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245 (11th Cir. 1999))).

SO ORDERED this 29th day of May 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA