IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR409-416 |
| ) | |
| JAMES BERNARD JONES, JR., ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant James Bernard Jones, Jr.'s Motion to Modify/Reduce Sentence Pursuant to the First Step Act (Doc. 132), which the Government has opposed (Doc. 133). In his motion, Defendant requests that the Court reduce his sentence to 129 months' imprisonment. (Doc. 132 at 4.) For the following reasons, Defendant's motion (Doc. 132) is **DENIED**.

### BACKGROUND

In January 2010, Defendant was charged with three counts of distribution of five grams or more of cocaine base (Counts 1-3) and one count of possession with intent to distribute five grams or more of cocaine base (Count 4). (Doc. 25; Doc. 66 at 4.) On February 10, 2010, Defendant pleaded guilty to the lesser included offense of Count 1—distribution of an unspecified quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 36; Doc. 66 at 4.) In April 2010, the Court sentenced Defendant to 160 months' imprisonment, followed by five years of

supervised release. (Doc. 41 at 2-3.) The Eleventh Circuit affirmed Defendant's sentence on appeal. (Doc. 66.)[1] According to the Bureau of Prisons' ("BOP") website, Defendant was released from BOP custody on March 26, 2021. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on April 15, 2021).

**ANALYSIS**

Defendant seeks a sentence reduction under the First Step Act and argues that his sentence should be reduced to 129 months' imprisonment or time served. (Doc. 132 at 1, 5-6.) Specifically, Defendant argues that the Fair Sentencing Act of 2010, which was made retroactive through the First Step Act, modified the statutory penalties for his offense. (Id. at 4.) In response, the Government contends that Defendant is ineligible for a sentence reduction because the Fair Sentencing Act did not affect the guideline range for the lesser included offense of distribution of cocaine base. (Doc. 133 at 6.) The Court finds that Defendant's claim for relief fails because he was not convicted and sentenced under a "covered offense" within the meaning of the First Step Act.

The Fair Sentencing Act of 2010 " 'modified 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 844(a), 960(b)(1)(C), and 960(b)(2)(C)' by increasing the quantity of crack cocaine

---

[1] United States v. Jones, 408 F. App'x 258, 259 (11th Cir. 2011).

necessary to trigger certain mandatory minimum sentences and eliminated mandatory minimum sentences for simple possession." United States v. Griffin, 1:09-CR-30-2 (WLS), 2021 WL 791087, at *2 (M.D. Ga. Feb. 11, 2021) (quoting United States v. Foley, 798 F. App'x 534, 536 (11th Cir. 2020)). "The First Step Act made sections 2 and 3 of the Fair Sentencing Act retroactively applicable to defendants who were sentenced for a covered drug offense before the Fair Sentencing Act's enactment on August 3, 2010." Foley, 798 F. App'x at 535 (citing First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194). "A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." United States v. Jones, 962 F.3d 1290, 1298 (11th Cir. 2020) (citing Fair Sentencing Act § 2(a)).

Although Defendant was charged with distribution of five grams or more of cocaine base, Defendant "ultimately pled guilty to a lesser included offense of Count 1, distribution of an unspecified quantity of cocaine base in violation of § 841(a)(1) and (b)(1)(C) . . . ." (Doc. 66 at 4.)[2] Because Defendant "pled guilty to possessing, with the intent to distribute, an unspecified quantity of cocaine base, he was sentenced under § 841(b)(1)(C)." Foley, 798 F. App'x at 536 (citing United States v. Gallego, 247

---

[2] Jones, 408 F. App'x at 259.

3

F.3d 1191, 1197 (11th Cir. 2001) (explaining that when there is a conviction with no quantity determination, "a defendant is subject to the penalties prescribed in 21 U.S.C. § 841(b)(1)(C)")); see also United States v. Razz, 387 F. Supp. 3d 1397, 1407 (S.D. Fla. 2019) (stating that the defendant's conviction "would now fall under Section 841(b)(1)(C) because [that count] involved a Schedule II controlled substance, but in an insufficient quantity to trigger the Section 841(b)(1)(B) penalties").

"Sections 2 and 3 of the Fair Sentencing Act modified 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 844(a), 960(b)(1)(C), and 960(b)(2)(C)—but, importantly here, **not § 841(b)(1)(C)**." Foley, 798 F. App'x at 536 (emphasis added). Accordingly, Defendant is ineligible for a sentence reduction because the Fair Sentencing Act did not modify § 841(b)(1)(C). See Foley, 789 F. App'x at 536 ("Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief."). As a result, Defendant's motion (Doc. 132) is **DENIED**.

Additionally, Defendant was released from imprisonment and began his term of supervised release on March 26, 2021. BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on April 15, 2021). Therefore, any request for a reduction of his imprisonment is

4

moot.[3] Because Defendant does not qualify for a sentence reduction under the First Step Act, the Court declines to reduce his period of supervised release. See Griffin, 2021 WL 791087, at *3.

## CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. 132) is **DENIED**.

SO ORDERED this 15th day of April 2021.

                                                   WILLIAM T. MOORE, JR.
                                                   UNITED STATES DISTRICT COURT
                                                   SOUTHERN DISTRICT OF GEORGIA

---

[3] Although Defendant has been released from prison and, therefore, a request for release would be moot, Defendant's present motion is not moot because Defendant is currently serving his term of supervised release. See Mitchell v. Middlebrooks, 287 F. App'x 772, 774 (11th Cir. 2008) ("The fact that [defendant] was released from prison, however, does not by itself render [defendant's] petition moot because, as in Dawson, the supervised release he is currently serving 'is part of his sentence and involves some restrictions upon his liberty.' ") (quoting Dawson v. Scott, 50 F.3d 884, 886 n.2 (11th Cir. 1995)).